Ortoli Rosenstadt llp
366 Madison Avenue, 3rd Floor
New York, New York 10017

ADMITTED; NY, NJ

Telephone: (212) 588-0022
Facsimile: (866) 294-0074
Email: msg@orllp.legal

MARC S. GOTTLIEB
*Direct Dial: (212) 829-8943*

January 20, 2021

APPLICATION DENIED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 1/25/2021

Defendant's prior motion to dismiss is denied as moot, and Defendant is directed to file a motion to dismiss directed at the amended complaint if it wishes to do so. The parties shall meet and confer concerning a briefing schedule and file a proposed schedule by on or before January 29, 2021.

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Regent Music Corporation v. Delphine Productions, et al.
Docket No.: 1:20-cv-4608 VSB

Dear Judge Broderick:

This firm represents Defendant Delphine Productions, S.A. ("Delphine"). In response to your Order dated January 11, 2021 (Dkt. No. 65), Delphine would prefer to stand on its prior motion to dismiss. However, Plaintiff's First Amended Complaint includes a new claim for monetary relief that begs supplemental briefing along with supplemental declarations.

I am sensitive to judicial economy and the desire to avoid the need for several rounds of briefing to address the sufficiency of a complaint. I believe our prior motion adequately addresses all of the issues associated with Plaintiff's First Amended Complaint with two exceptions: (i) Plaintiff's added claim for tortious interference; and (ii) Plaintiff's claim that federal question jurisdiction exists. The first is undermined by Plaintiff's own pleading; the second is untrue as a matter of law. If permitted, Defendant would prefer to stand on its initial motion but with leave to provide supplemental briefing and declarations to address these two additional points – points that were not addressed or adequately addressed in our initial filing.

In its initial Complaint, Plaintiff asserted the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 relying upon the various factors necessary to establish diversity. Because Plaintiff's initial Complaint was one for equitable relief only, and because jurisdiction was premised entirely upon complete diversity between the parties, Defendant questioned whether Plaintiff met the 'amount-in-controversy' standard for invoking diversity jurisdiction; i.e., whether Plaintiff could establish that its lawsuit involved a controversy involving $75,000 or more in damages. Defendant pointed out that satisfying the 'amount-in-controversy' element was difficult if not impossible to accomplish when none of its claims sought monetary relief or involved a direct claim for

damages. Plaintiff's claims sought equitable relief only (declaratory relief and specific performance). In its efforts to overcome its pleading's deficiency, Plaintiff amended its complaint to include a claim for tortious interference which centers around Plaintiff's contractual relationship with its licensee Gaumont Productions. Its remaining claims continue to seek equitable relief only. Those claims are adequately addressed in our prior motion to dismiss.

Plaintiff's tortious interference claim really rests upon (but is also undermined by) a single letter prepared and sent by Jean-Marie Guilloux, Paul de Senneville's French attorney, to Plaintiff's licensee Gaumont Productions on or about March 17, 2020, although Plaintiff offers as proof a second letter dated May 12, 2020 (discussed below). Both letters are appended to Plaintiff's First Amended Complaint (*see* Exhibits B and C respectively) (Docs. 62-2, 62-3). Guilloux's earlier letter of March 17th, authored by and as "counsel for Paul De Senneville" only, was sent to Gaumont Television and Gaumont Production Television (collectively, "Gaumont"), the producers of *Narcos*. As threatening as this letter may have been, in no way did it involve my client. Yet, this did not stop Plaintiff from claiming otherwise, alleging that "[b]y writing such letter, Defendants [emphasis added] intentionally and improperly interfered with the contractual relationship between Plaintiff and its licensee Narcos Productions…" (*see,* First Amended Complaint, ¶ 63). Plaintiff goes on to allege that as a "direct result of Defendants' intentional conduct and interference, Plaintiff has suffered monetary damages as a result of Defendants' tortious interference…" (*Id.* at ¶ 64). The Court may ignore the redundancy, but what it cannot ignore is Plaintiff's bold-face lie that Defendants (plural) were responsible for this letter to its licensee. This is no simple error but a clear and intentional misstatement of the facts by Plaintiff's counsel in its efforts to keep Delphine Productions in this case. In Paragraph 23 of Plaintiff's Amended Complaint, Plaintiff acknowledges that Guilloux's March 17, 2020 letter to its licensee was sent on behalf of De Senneville only, yet this does not prevent Plaintiff from stating otherwise in its fourth claim for relief.

While Guilloux does represent in his second (May 2020) letter to Regent that he is writing as counsel for both De Senneville and Delphine Productions (*see* Plaintiff's Exhibit "C") (Dkt. 62-3), this letter could not have interfered with Plaintiff's contractual relationship with its licensee for the simple reason that this second letter was never sent to anyone other than Plaintiff, a fact Plaintiff acknowledges in its Amended Complaint (*see* ¶ 24). It is impossible to draw the conclusion that this letter caused any interference with Plaintiff's contract with Gaumont, Plaintiff's licensee. There is no need to debate this point since Plaintiff agrees. It's entire tortious interference claim centers around Guilloux's March 17, 2020 letter (*see* ¶¶ 61-64). Plaintiff states that "[b]y writing such letter, Defendants intentionally and improperly interfered with the contractual relationship between Plaintiff and its licensee…" (*Id.* ¶ 63).

Again, Delphine had nothing to do with this letter, nor does Guilloux make such a representation to Gaumont. Dismissal of Plaintiff's fourth claim for relief is warranted insofar as there is nothing in Plaintiff's First Amended Complaint sufficient to implicate Delphine in any tortious interference claim.[1]

All of these arguments are new to the Court and obviously never included in our prior motion to dismiss as there was no tortious interference claim to challenge. But once this claim is stripped away, I am confident our original motion papers are sufficient to allow the Court to come to the correct legal determination.

In conclusion, Defendant would prefer to stand on its prior motion papers but requests leave to supplement its prior filing with additional points of law and declarations to address these few issues. I hope this adequately answers the Court's question and I thank you for the Court's consideration of our request.

Respectfully submitted,

ORTOLI ROSENSTADT, LLP

By: __/s Marc S. Gottlieb_________

366 Madison Avenue, 3rd Floor
New York, New York 10017
(212) 829-8943 (Tel)
(866) 294-0074 (Fax)
msg@orllp.legal (email)

[1] It is also worth mentioning that Me. Guilloux will be submitting his own declaration in support of Delphine's second motion to dismiss wherein he acknowledges that at no time was he ever retained or authorized by Delphine to speak on its behalf; that his statement to Regent that he was mistaken when represented to Regent that he was speaking on behalf of Delphine as well as De Senneville.