UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                    :
REGENT MUSIC CORPORATION,           :
                                                                    :
                          Plaintiff,   :
                                                                    :                    20-CV-4608 (VSB)
                 - against -               :
                                                                      :                    **OPINION & ORDER**
                                                                       :
DELPHINE PRODUCTIONS S.A. and PAUL :
DE SENNEVILLE                                     :
                                                                     :
                          Defendants.  :
                                                                     :
------------------------------------------------------------X

<u>Appearances</u>:

Dorothy M Weber
Shukat Arrow Hafer & Weber, LLP
New York, NY
*Counsel for Plaintiff*

Marc Steven Gottlieb
Ortoli Rosenstadt LLP
New York, NY
*Counsel for Defendant Delphine Productions S.A.*

Samuel E. Kramer
Samuel E. Kramer Esq.
New York, NY
*Counsel for Defendant Paul de Senneville*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       I have reviewed the motions to dismiss the plaintiff's first amended complaint ("First

Amended Complaint") filed by Defendant Delphine Productions S.A. ("Delphine") and

Defendant Paul de Senneville (together, the "Defendants"), and the supporting documents.

(Docs. 81 & 84–88.)

       Defendants argue that (1) I should dismiss the fourth claim in the First Amended

Complaint, i.e. tortious interference of business relations/contract, and (2) without this fourth claim, I do not have subject matter jurisdiction over the three remaining declaratory claims, because (i) the amount in controversy requirement is not met for diversity jurisdiction and (ii) there is no federal question jurisdiction because Plaintiff's claims do not arise under the Copyright Act or any other federal law, and Defendants never threatened to file a copyright infringement action.

Defendants' arguments also appear to raise an issue of whether there is a "case of actual controversy" under the Declaratory Judgement Act, 28 U.S.C.S. § 2201(a). Essentially, Defendants argue that they never intend to initiate any action against Regent Music Corporation ("Plaintiff" or "Regent") in the United States, but that only de Senneville intended to and did file an action in France for moral rights violation. Plaintiff identify several letters sent from the lawyer Jean-Marie Guilloux, purportedly on behalf of both Delphine and de Senneville, to Regent and its licensees, but Guilloux now admits that it was a mistake for him to write on behalf of both Delphine and de Senneville; specifically, he states that "at no time was [he] retained to represent [Delphine] or authorized to speak on its behalf." (Doc 81-3 ¶ 5 ("I did not at the time and I do not currently nor have I ever represented [Delphine].").) Olivier Toussaint du Wast, on behalf of Delphine, also states that "at no point was Guilloux retained to represent [Delphine]" and that Delphine "[n]ever authorized Guilloux to speak for [Delphine] or . . . to write to Regent threatening a lawsuit." (Doc. 81-1 ¶ 6.) Further, Guilloux states that throughout his negotiations with Regent representatives, he "made it absolutely clear that Mr. de Senneville's interest was in enforcing his moral rights in" "Ballade pour Adeline" (the "Composition"). (Doc. 87 ¶ 23; *see also* ¶ 20 "Throughout my negotiations between March and June, 2020, it was always clear that Mr. de Senneville's paramount interest was in vindicating his

moral rights.")  De Senneville also made it clear in his declaration that he "do[es] not wish to bring a copyright infringement action against Regent in the United States" and that the only rights that he is seeking to protect in the French action are "[his] moral rights granted pursuant to French law."  (Doc. 85. ¶¶ 6 & 9.)  The documents from the French action submitted by the parties are consistent with these statements, and there is no evidence suggesting that de Senneville has initiated any other lawsuit against Regent that relates to the use of the Composition.

"[A] party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy."  *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) (citing *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 95 (1993)), *aff'd*, 568 U.S. 85 (2013).  In *Nike*, Nike filed a trademark action against the defendants-shoe sellers, but subsequently entered into a not-to-sue covenant; the Second Circuit found that the not-to-sue covenant, under which Nike "unconditionally and permanently renounced its right to claim" against the defendants-shoe seller, rendered any trademark controversy between the parties no longer existent.  *Id*. 663 F.3d at 97.[1]

On the one hand, this case is somewhat analogous to the situation in *Nike* in that even if, at the time Guilloux sent the letters, it was not clear whether Defendants would sue Regent for copyright infringement, it is now clear that Defendants did not intend to do so.  However, Defendants' representations currently before me do not equate to a not-to-sue covenant as the

---

[1] Specifically, the not-to-sue covenant obligated Nike "to refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity, against [the defendant] or any of its [successors or related entities and their customers], on account of any possible cause of action based on or involving trademark infringement, unfair competition, or dilution, under state or federal law in the United States [sic] relating to the NIKE Mark based on the appearance of any of [the defendant]'s current and/or previous footwear product designs, and any colorable imitations thereof, regardless of whether that footwear is produced, distributed, offered for sale, advertised, sold, or otherwise used in commerce before or after the Effective Date of this Covenant.  *Id*. 663 F.3d at 92.

one in *Nike*. Specifically, Delphine merely submitted a declaration stating that it never made any threats of litigation against Regent, and de Senneville's declaration states that he "do[es] not wish to bring a copyright infringement action against Regent in the United States". (Doc. 85. ¶¶ 6 & 9.)  Neither Delphine nor de Senneville appear to specifically renounce their right to sue.

Accordingly, in order to clarify the issues presented by the parties in the instant motion to dismiss, it is hereby

ORDERED that the parties shall appear before this Court for a telephone conference on February 28, 2022 at 11 AM.  The parties shall be prepared to discuss the following questions, among others:

1. Are Defendants willing to enter into a stipulation whereby they will unconditionally and permanently renounce their right to sue for copyright infringement in the United States against Regent or its licensees regarding the use of the Composition in "Narcos: Mexico"?

2. Has Regent paid the royalties due under the Administration Agreement[2] or the Extended Term[3] between Delphine and Regent for the use of the Composition in "Narcos: Mexico" and has Delphine received such payment?

3. With regard to ¶¶ 19 and 20 of the First Amended Complaint, (Doc. 62), are the parties aware of any other songs from the Catalog,[4] whether composed by de Senneville or not, that Regent used or granted authorization to use during the Extended Term?  If yes, does

---

[2] "Administration Agreement" refers to the agreement entered into between Delphine and Regent dated July 1, 2017. (Doc. 62 at ¶ 3.)

[3] "Extended Term" refers to the alleged mutual agreement between Delphine and Regent to extend the end date of the Administration Agreement until at least December 31, 2019.  (Doc. 62 at ¶ 18.)

[4] "Catalog" refers to "[t]he full catalog of songs administered under the Administration Agreement [which] is attached to the Administration Agreement."  (Doc. 62 at ¶ 5.)

    either Defendant intend to file any action in relation to the use of those songs?

4. What is the current status of the French action? Will the anti-suit injunction be mooted by the conclusion of the French action?

The parties shall refer to my Individual Rule 2B for the dial-in information for the conference.

SO ORDERED.

Dated: February 15, 2022
     New York, New York

                                            Vernon S. Broderick
                                            United States District Judge